UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATSY NICHOLSON,

        Plaintiff,

vs.

TERRY COLLINS, *et al.*,

        Defendants.

Case No. 1:09-cv-137

Judge Michael R. Barrett
Magistrate Judge Timothy S. Black

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 23) BE GRANTED; AND (2) DEFENDANTS' MOTIONS FOR JUDGEMENT ON THE PLEADINGS (Docs. 14, 16) AND MOTION TO DISMISS (Doc. 15) BE DENIED**

Now before the Court are: (1) Defendants Cincinnati Children's Hospital Medical Center, Dr. Kerry Crone, Dr. Gary E. Tye, and Dr. Katherine Dana Holland-Bouley's motion for judgment on the pleadings (Doc. 14); (2) Defendant Mayfield Clinic, Inc.'s motion to dismiss (Doc. 15); (3) Defendant Dr. Samir Parikh's motion for judgment on the pleadings (Doc. 16); (4) Plaintiff's response to the motion to dismiss and motions for judgment on the pleadings (Doc. 22); and (4) Defendants' replies (Docs. 24, 25).

## I. BACKGROUND FACTS

On February 27, 2009, Plaintiff filed this medical malpractice action against several defendants, including Cincinnati Children's Hospital Medical Center, Dr. Kerry Crone, Dr. Gary W. Tye, and Dr. Katherine Dana Holland-Bouley (collectively "CCHMC

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Defendants"), Dr. Samir Parikh, and Mayfield Clinic, Inc. (Doc. 1). Also on February 27, 2009, Plaintiff requested an additional 90 days to file an affidavit of merit pursuant to "Civil R. 10(D)" and to secure counsel. (Doc. 2). Due to the ambiguity of Plaintiff's motion, and failure to cite to the Ohio Civil Rules, the Court assumed that the *pro se* Plaintiff had miscited a Federal Rule (because Fed. R. Civ. P. 10(D) does not exist). (Doc. 4). Accordingly, the undersigned denied Plaintiff's motion. Now, upon further motion practice, it has become clear that Plaintiff was requesting an additional 90 days to file an expert witness affidavit as required pursuant to Ohio Rule Civ. P. 10(D) and applied to the federal courts under the Erie Doctrine. Had the undersigned understood Plaintiff's request, her motion for an extension of time to file an expert affidavit would have been granted.

CCHMC Defendants and Defendant Parikh filed motions for judgment on the pleadings (Docs. 14, 16), and Defendant Mayfield Clinic, Inc. filed a motion to dismiss (Doc. 15), based entirely on the fact that Plaintiff failed to file an affidavit of merit from an expert witness with her complaint.

## II. STANDARD OF REVIEW

### A. Motion for Leave

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed

amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

### B. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.[2]

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step

---

[2] The standard for adjudicating a 12(c) motion for judgment on the pleadings is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).

-3-

is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

### III.    ANALYSIS

A medical malpractice complaint filed without an affidavit of merit is deficient as a matter of Ohio law. *Fletcher v. Univ. Hosp. of Cleveland,* 120 Ohio St. 3d 167 (2008); *see also Nicholson v. Catholic Health Partners*, No. 4:08CV2410, 2009 WL 700768 (N.D. Ohio Mar. 13, 2009); *Perotti v. Medlin*, No. 4:05CV2739, 2009 WL 723230 (N.D. Ohio Mar. 16, 2009). Ohio law requires that a complaint alleging medical malpractice be accompanied by an affidavit of merit from an expert witness averring that the defendants breached the standard of care and that the breach caused injury to the plaintiff. Rule 10(D)(2) of the Ohio Rules of Civil Procedure provides:

> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following: (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint; (ii) A

> statement that the affiant is familiar with the applicable standard of care; (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Indeed, "[a]n affidavit of merit is required to establish the adequacy of the complaint." Ohio R. Civ. P. 10(D)(2)(d).

The Supreme Court of Ohio has held that "[t]he proper response to a failure to comply with Civ. R. 10(D)(2) is a motion to dismiss pursuant to Civ. R. 12 (B)(6)." *Fletcher v. Univ. Hosp. of Cleveland,* 120 Ohio St.3d 167, 168 syl. ¶1 (2008). Ohio law has routinely imposed heightened pleading burdens on plaintiffs where policy considerations so warrant. *Id.* at 170. The policy behind the promulgation of the affidavit of merit rule is to deter frivolous medical malpractice claims in Ohio. *Id.* "Because the heightened standard imposed by the explicit text of Civ.R. 10(D)(2)(c), now (d), goes directly to the sufficiency of the complaint, a motion to dismiss for failure to state a claim upon which relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit." *Id.* As a matter of Ohio law, unsupported medical malpractice complaints are dismissed. This rule is applicable in the instant case because federal courts exercising jurisdiction through diversity of citizenship must apply state substantive law and federal procedural law. *Erie R. v. Tompkins,* 304 U.S. 64, 78 (1938).

In fact, the Northern District of Ohio recently applied the *Erie* doctrine in two cases

to dismiss malpractice complaints filed without affidavits of merit. *See Nicholson,* 2009 WL 700768; *Perotti,* 2009 WL 723230. Plaintiffs, *pro se* in each case, did not file affidavits of merit in support of their complaints. Applying the *Erie* outcome-determination test, United States Magistrate Judge George Limbert determined that, "if federal courts siting in diversity did not apply [the affidavit of merit] rule, it would produce different outcomes which would encourage forum shopping and result in inequitable administration of the law." *Nicholson*, 2009 WL 700768 at *5. The court recognized that failure to enforce the affidavit of merit law "would allow plaintiffs who otherwise face dismissal in Ohio courts to file the claim in federal court and proceed through discovery in federal court." *Id.* Ultimately, the Report and Recommendations of the Magistrate Judge were adopted and the court dismissed the unsupported complaints. *Nicholson,* 2009 WL 700768 at *1; *Perotti,* 2009 WL 723230 at *2.

However, unlike the *Nicholson* and *Perotti* cases, Plaintiff presents a compelling factual basis for her failure to timely file the affidavit:

> "[I]t was very difficult to get any neurosurgeon to even review the case. I have learned that the National Association of Neurological Surgeons have put in place a disciplinary action procedure whereby an [*sic*] neurosurgeon can be ejected from their national association if they testify inappropriately in a malpractice case. So far only neurosurgeons who testify on behalf of patient malpractice victims have been found to be inappropriate and have been disciplined and banned from the organization. [See: *Austin v. American Assoc. of Neurological Surgeons*, 253 F.3d 967, (7th Cir. 2001)]. This obviously is causing many neurosurgeons to avoid becoming involved in malpractice cases and making it difficult for people like myself

> to have their cases looked at fairly. Since this particular case
> involves neurosurgeons, a very limited group of physicians,
> this type of case has been extremely difficult to find a
> neurosurgeon who would finally look at it."

Additionally, it is now clear from the record that Plaintiff attempted to secure an extension of time to file the affidavit and was deterred by the udersigned's ruling. (Docs. 2, 4). Moreover, Plaintiff has now secured and presented an affidavit complying with the Rule.

CCHMC Defendants claim that granting Plaintiff leave to file an amended complaint would be prejudicial. Specifically, Defendants claim that they would be deprived of a dismissal under Fed. R. Civ. P. 41, because allowing Plaintiff to file an amended complaint now, without any ramifications, effectively gives Plaintiff another opportunity to later dismiss this case voluntarily. The undersigned is not persuaded by this alleged prejudice. Instead, the undersign finds that dismissing the instant case and requiring Plaintiff to re-file would be a waste of judicial resources. Moreover, this case is still at its initial stages and discovery has not yet commenced. Therefore, the undersigned finds that the interests of justice and of judicial economy far outweigh any slight prejudice to Defendants.

## IV.   CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT**:

(1)  Plaintiff's motion for leave to file an amended complaint (Doc. 23) be **GRANTED** and Plaintiff be required to file her amended complaint immediately; and

(2)  Defendants' motions for judgment on the pleadings (Doc. 14, 16), and motion to dismiss (Doc. 15), be **DENIED**.


**IT IS SO RECOMMENDED.**


Date: 10/23/09                              **/s/Timothy S. Black**
                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATSY NICHOLSON

    Plaintiff,

vs.

CINCINNATI CHILDREN'S
HOSPITAL, *et al.*,

    Defendants.

Case No. 1:09-cv-137

Judge Michael R. Barrett
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).